JOHN PETERSON, Appellant, *v.* JOHN SWAN, Respondent.

*Court of Appeals, March* 21, 1890.

See 20 J. & Sp. 151.

1. *Appeal. Amendment.*—Though a copy of the record has been filed with the clerk, pursuant to the notice of appeal, the court below so far retains jurisdiction of the case as to enable it to make such amendment to the record as it shall deem proper, and *to order that the amendment* shall be duly certified to the court of appeals and filed with its clerk; and the latter court regards it as a part of the original return and proceeds to hear the case as thus prepared, unless the amendment is of such a nature as to show that the record as amended was not before the general term.

2. *Same. Motion.*—A motion to remit the record for the purpose of permitting the court below to amend it if it should desire to do so, is unnecessary and must be denied.

3. *Same.*—The court of appeals, *it seems,* cannot review decisions of the lower courts entered by consent, or taken merely *pro forma,* where the record shows such facts.

Motion to remit return to the court below for amendment.

*Arthur L. Andrews,* for motion.

*Esek Cowen,* opposed.

PECKHAM, J.—It has been frequently held by this court that although a copy of the record has been filed with the clerk, pursuant to the notice of appeal, yet the court below so far retains jurisdiction of the case as to enable it to make such amendment to the record as it shall deem proper, and to order that the amendment shall be duly certified to us and filed with our clerk.

When thus filed, we regard it as part of the original return and proceed to hear the case as thus prepared. Of course, if the amendment be of such a nature as to show that the record as amended was not before the general term,

we should not hear it, as our jurisdiction is confined to a review of the decisions actually made by that tribunal. N. Y. Cable Co. Case, 104 N. Y. 1; 4 N. Y. State Rep. 308.

The plaintiff's motion to remit for the purpose of permitting the court below to amends the record if it should desire to do so, is, therefore, unnecessary and must be denied.

The defendant's motion for judgment will be held until the first motion day of the coming term, when it may be brought on without further notice. What disposition beneficial to the plaintiff can be then made of the case, it is somewhat difficult to see. If a record show that the order or judgment of a court below was by consent, or was not an actual determination of such court, an appeal to this court could not be heard, for, as already stated we cannot review decisions of the lower courts entered by consent or taken merely *pro forma*, where the record shows such facts.

All concur.